UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ROBERT HOOK,
      Petitioner,

  v.            9:16-CV-0140
               (MAD/DJS)
CAPRA,

      Respondent.

---

APPEARANCES:       OF COUNSEL:

ROBERT HOOK
09-A-0453
Petitioner, pro se
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562

MAE A. D'AGOSTINO
United States District Judge

## DECISION and ORDER

**I. INTRODUCTION**

Petitioner Robert Hook filed a petition for a writ of habeas corpus and exhibits pursuant to 28 U.S.C. § 2254 and an application to proceed in forma pauperis ("IFP"). Dkt. No. 1, Petition ("Pet."); Dkt. No. 1-1, Exhibits; Dkt. No. 2, IFP Application.[1] For the reasons that follow, petitioner's IFP Application is granted,[2] and the petition is transferred to the Second

---

[1] The cited page numbers refer to those generated by the Court's electronic filing system ("ECF").

[2] Petitioner's IFP Application is not certified or signed by an appropriate prison official with regard to the balance, and average balance, in any account in petitioner's name at the facility. *See* Rule 3(a)(2), Rules Governing Section 2254 Cases in the United States District Courts (requiring petitioners who file in forma pauperis applications to include a "certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution."). In light of his pro se status and the other information in his IFP Application, however, the Court will grant his IFP Application.

Circuit Court of Appeals.

**II.    DISCUSSION**

   **A.    The Petition**

Petitioner challenges a 2009 judgment of conviction in Warren County Supreme Court of attempted first degree rape and other, related charges. Pet. at 1.³ Petitioner states that on June 12, 2015, he filed a motion to vacate his conviction pursuant to New York Criminal Procedure Law ("CPL") §440.10 in the Warren County Supreme Court. Pet. at 4. The motion was denied on July 20, 2015. *Id.* at 6, 7, 8, 9, 11. On October 10, 2015, the Appellate Division denied leave to appeal, and on November 19, 2015, the New York Court of Appeals dismissed his application for leave to appeal further. *Id.* at 2, 9, 11, 12.

Petitioner raises the following grounds for habeas relief: (1) ineffective assistance of counsel; (2) actual innocence; (3) the prosecutor committed misconduct; and (4) there is newly discovered evidence. Pet. at 5-10. For a complete statement of petitioner's claims, reference is made to the petition.

   **B.    Petitioner's prior habeas petitions**

On or about January 16, 2012, petitioner filed a petition pursuant to 28 U.S.C. § 2254 in this Court challenging the same conviction at issue in his current petition. *Hook v. Superintendent*, No. 9:12-CV-0288 (JKS), Dkt. No. 1, Petition. On August 8, 2014, the Honorable James K. Singleton denied and dismissed the petition in its entirety on the merits. *Id.* at Dkt. No. 21, Memorandum Decision, Singleton, J., Aug. 8, 2014; Dkt. No. 22,

---

³ Petitioner appealed his conviction to the Appellate Division, Third Department, which affirmed. *People v. Hook*, 80 A.D.3d 881 (3d Dep't. 2011). The New York Court of Appeals denied leave to appeal on July 18, 2011. *People v. Hook*, 17 N.Y.3d 806 (2011).

Judgment, Aug. 8, 2014. Petitioner appealed, and in a Mandate issued on February 11, 2015, the Second Circuit denied petitioner's motion for a certificate of appealability and dismissed the appeal because petitioner failed to make a "'substantial showing of the denial of a constitutional right.'" Dkt. No. 28, Mandate, Feb. 11, 2015 (quoting 28 U.S.C. § 2253(c)).

**C. Analysis**

The Antiterrorism and Effective Death Penalty Act (AEDPA) restricted the ability of petitioners to file second or successive petitions. It requires individuals seeking to file a second or successive petition to obtain leave of the appropriate Court of Appeals for an order authorizing the district court to consider the second or successive application. 28 U.S.C. §§2244(b)(1)-(3). *See* Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."); N.D.N.Y. L.R. 72.4(c) ("Before a second or successive application is filed in this Court, the applicant shall move in the Second Circuit Court of Appeals for an order authorizing the district court to consider the application."). A district court has no jurisdiction to decide a second or successive habeas petition on the merits without authority from the appropriate Court of Appeals. *Burton v. Stewart*, 549 U.S. 147, 153 (2007) (per curiam); *Torres v. Senkowski*, 316 F.3d 147, 149 (2d Cir. 2003).

Petitioner's current petition is successive because although he raises some new claims, he is again challenging the same 2009 judgment of conviction he challenged in his previous habeas petition, which was denied and dismissed on the merits in 2014. *Hook,* No. 9:12-CV-0288. When a district court is presented with a second or successive habeas

3

petition, the appropriate procedure is for the district court to transfer the case to the Circuit pursuant to 28 U.S.C. § 1631 for a determination under 28 U.S.C. § 2244(b) as to whether the petitioner should be permitted to file a second or successive habeas petition in the district court. *Torres*, 316 F.3d at 151-52. Therefore, the petition will be transferred to the Second Circuit for review.

### III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that petitioner's IFP Application, Dkt. No. 2, is **GRANTED**; and it is further

**ORDERED** that the Clerk transfer this petition to the United States Court of Appeals for the Second Circuit, pursuant to 28 U.S.C. § 1631, for a determination under 28 U.S.C. §2244(b) as to whether petitioner should be authorized to file a second or successive habeas petition in the district court; and it is further

**ORDERED** that the Clerk serve a copy of this Order on petitioner in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: February 17, 2016
      Albany, NY

Mae A. D'Agostino
U.S. District Judge